16224

STATE v. OWENS

(53 S. E. (2d) 869)

*Mr. O. L. Long,* of Laurens, *for Appellant,* 

*Mr. Hugh Beasley, Solicitor,* of Greenwood, *for Respondent,*

June 1, 1949.

TAYLOR, Justice.

The appellant entered a plea of guilty to the charge of abandonment and non-support of his minor unmarried children dependent upon him for support at the September, 1947, term of General Sessions Court for Laurens County, which was presided over by the Honorable J. Woodrow Lewis. Whereupon appellant was given a sentence of hard labor upon the public works of Laurens County for a period of one year and placed upon probation for a period of five years. The sentence being suspended upon the condition that he pay to the Clerk of Court of Laurens County $25.00 per week commencing September 29, 1947 and continuing each and every week thereafter for the support of wife and children until the further order of the Court.

On July 8, 1948, appellant was convicted in the Mayor's Court for the City of Laurens of the charge of driving a car under the influence of liquor and sentenced to thirty days in prison or the payment of a fine of $100.00. By reason of appellant's conviction in the Mayor's Court the Honorable Steve C. Griffith, resident Judge of the Eighth Judicial Circuit, upon motion of the Probation Officer of that Circuit, passed an order revoking appellant's probation whereupon

he was ordered to serve the full time provided for in the original sentence.

It is admitted that defendant made all weekly payments as required under the sentence up until the day of his sentence in Mayor's Court when he became in arrears. It was stated in oral argument, however, that at that time all payments had been made in accordance with the sentence.

The sentence imposed by Judge Lewis appears as follows:

"Court of General Sessions

"Offense Non-support

"The sentence of the Court is that the defendant G. E. Owens be confined at hard labor upon the public works of Laurens County for a term of one year, or for a like term in the State Penitentiary. The aforesaid sentence be and the same is hereby suspended and that the said defendant is hereby placed on Probation for a period of five years under the supervision of the South Carolina Probation and Parole Board and its officers, subject to the provisions of the laws of this state and the rules and orders of the Board and its officers, with leave that the suspended sentence may be revoked at any time during the period or probation, at Chambers, or in open Court upon recommendation of said Board. "That as Conditions of Probation the Aforesaid Shall:

"(A) Refrain from the violation of any State, Federal, or Municipal penal law.

"(B) Avoid injurious or vicious habits of conduct.

"(C) Avoid persons and places of disreputable or harmful character.

"(D) Support your dependents.

"(E) Agree to waive extradition from any State.

"(F) Work faithfully at suitable employment as far as possible.

"(G) Report to the Probation Officer as directed.

"(H) Remain within the State of South Carolina (unless permission is granted by South Carolina Probation and Parole Board).

"(I) Follow Probation Officer's advice and instructions regarding recreational and social activities.

"Special Conditions Ordered by the Court:

"Pay to Clerk of Court of Laurens County $25.00 per week first payment due on Sept. 29th, 1947, and continue each and every week for the support of wife and children until further ordered by the Court.

"That the Sheriff or other law enforcement officers, who have the custody of the defendant, is hereby ordered to deliver said defendant to the Probation Officer of this district, or if defendant is under bond, then such bond shall remain in full force until said defendant reports to the Probation Officer. The conditions of probation begin (today) or

"It is further ordered that this order be filed by the Clerk of the Court in his office, and that he forthwith forward copy (certified) to the Probation Officers of the South Carolina Probation and Parole Board.

 "J. Woodrow Lewis,
 "Presiding Judge.

"This 22 day of Sept.,
"1947, Laurens, S. C."

The order of Judge Griffith revoking the probation appears as follows:

"Order of Revocation

"Whereas the defendant, G. E. Owens, was duly convicted in the General Sessions Court of Laurens County of non-support and was given a sentence of one year; which sentence was suspended and the defendant was placed on probation for a period of five years. The conditions of probation being:

"(a) Refrain from the violation of any State, Federal or Municipal Penal Law.

"(b) Avoid injurious or vicious habits.

"(c) Avoid persons or places of disreputable or harmful character.

"(d) Report to the Probation Officer as directed.

"(e) Agree to waive extradition from any State.

"(f) Work faithfully at suitable employment as far as possible.

"(g) Remain within State of South Carolina (unless given permission by South Carolina Probation and Parole Board).

"(h) Pay a fine in one or several sums as directed by the Court.

"(i) Support your dependents.

"(j) Follow Probation Officer's instructions and advice regarding recreational and social activities.

"Special conditions ordered by the Court: Pay to the Clerk of Court of Laurens County $25.00 per week. First payment due Sept. 29, 1947, and continue each and every week thereafter for the support of wife and minor children until further ordered by the Court.

"It is now brought to my attention that this defendant has violated sections——of the conditions of his probation by 1st failing to pay to the Clerk of Court of Laurens County $25.00 per week for the support of wife and children; 2nd by being convicted in Mayor's Court in Laurens and fined $100.00 or 30 days for driving Motor Vehicle under the influence of liquor. He paid the fine.

"It is therefore ordered that the suspended sentence be revoked and the said defendant, G. E. Owens, be required to serve the full term provided for in the sentence as originally imposed, with deduction in time for good behavior. The unserved portion of said sentence to run from date of commitment after given due credit for any portion of said sentence that has already been served in either the South Carolina Penitentiary or on a County Chaingang.

"4th day of Sept., 1948.

"Steve C. Griffith,

"Presiding Judge Eighth Circuit."

Appellant now comes to this court appealing from the original order of Judge Lewis, dated September 22, 1947,

contending principally that the original sentence was illegal in that under section 1123 of the 1942 Code the suspension of sentence should not be conditioned on any consideration other than the support of his wife and minor children. The sentence was passed September 22, 1947, and appellant complied in all respects with the sentence until sentenced in July, 1948 in Mayor's Court of driving a car under the influence of liquor. No notice of appeal was served until after the order of Judge Griffith dated September 4, 1948. This matter not being before us in the form of Habeas Corpus, but rather an appeal from the sentence and since no notice of intention to appeal was given within ten days after the arising of the Court as provided for in Rule 49 of the South Carolina Circuit Court rules, we are constrained to hold that the appeal does not now properly lie before this Court.

Judgment affirmed.

BAKER, C. J., and FISHBURNE, STUKES and OXNER, JJ., concur.