## 20350

The STATE. Respondent, James Eugene ADAMS, Appellant.

(232 S. E. (2d) 28)

*Richard H. Warder, Esq.,* of Greenville, *for Appellant.*

*Messrs. Daniel R. McLeod, Atty. Gen., and Brian P. Gibbes, Asst. Atty. Gen.,* of Columbia, *and V. Laniel Chapman, Sol.,* of Anderson, *for Respondent.*

January 25, 1977.

*Per Curiam:*

Appellant was tried and convicted, in absentia, on a charge of driving under the influence and sentenced to four (4) years imprisonment. This appeal is from an order dismissing his original appeal of the conviction on the grounds that his Notice of Intention to Appeal was not timely.

The question before this Court is whether appellant was required to file a Notice of Intention to Appeal within ten days of the adjournment of the court sine die, or only within ten days after he received actual notice of the conviction. Circuit Court Rule 49 is clear in its requirement that the Notice be filed within ten days after the rising of the court. *State v. Owens,* 215 S. C. 20, 53 S. E. (2d) 869 (1949). And without such filing this Court has no jurisdiction over the matter. *White v. State,* 263 S. C. 110, 208 S. E. (2d) 35 (1974); *State v. Wright,* 228 S. C. 432, 90 S. E. (2d) 492 (1955); Section 7-405 S. C. Code Ann. (1962).

Appellant contends that until he was brought before the court and had his sentence read to him, there was no final judgment from which an appeal could be taken. We think it clear, however, that an appeal can be taken from a verdict under Section 7-5 S. C. Code Ann. (1962), and thus, the matter was appealable at the time the verdict was handed down.

In addition it appears from the record that appellant had ample notice of the time and place of trial, but chose to absent himself therefrom. Under these circumstances, we do not think he should be allowed to complain of insufficient time in which to give notice of his appeal.

Since we find no error of law, the order of the lower court is affirmed without oral argument.