19061

The STATE, Respondent, v. Bobby Joe LAWHORN and Henry Barton, of whom Bobby Joe Lawhorn is, Appellant.

(175 S. E. (2d) 233)

*Messrs. H. F. Partee, Public Defender* and *William T. Toal, Assistant Public Defender,* of Greenville, *for Appellant,*

C. *Victor Pyle, Esq., County Solicitor,* of Greenville, *for Respondent,*

May 28, 1970.

BUSSEY, Justice.

The defendant-appellant Bobby Joe Lawhorn was indicted for housebreaking and larceny and convicted, by a jury, of larceny at the April 1969 term of the Greenville County Court. He appeals from such conviction and resulting sentence.

On the night of June 14, 1968 Childs General Merchandise Store at Travelers Rest, South Carolina, was broken into by a thief or thieves and merchandise of the value of about $3,000.00, consisting of wearing apparel for men, women and children, was stolen. Appellant, with his wife, was living in a bedroom at the home of his stepfather, Marshall Johnson, at Marietta on Talley Bridge Road in Greenville County. Several officers armed with a search warrant proceeded to search the premises of Marshall Johnson where they found a considerable portion of the merchandise admittedly taken from the Childs store. Some of such was found in a currently unoccupied small house near the John-

son residence, some of it recovered from the trunk of an automobile, and some from the bedroom occupied by appellant and his wife. The stolen articles recovered from the bedroom were partly in a clothes hamper at the foot of the bed and partly in a dresser drawer in that bedroom. The articles recovered from the bedroom filled a box 15″ x 15″ x 20″. Appellant was asleep on the bed at the time of the search.

At the trial appellant was represented by retained counsel, but on this appeal is represented by other counsel appointed by the Court. Appellant's first contention here is that the evidence secured in the search of the premises occupied by him should not have been introduced in evidence because the search warrant was based, allegedly, on a constitutionally insufficient affidavit. Such contention is not properly before the Court. The record shows that the validity of the search warrant was not questioned on this ground below and, moreover, all of the recovered stolen property was introduced into evidence without objection, it being stipulated by counsel for appellant that such was in fact stolen from the Childs store.

It is well settled in this State that if objections are not interposed to the introduction of evidence, such questions or objections cannot be raised for the first time on appeal. See cases collected in West's South Carolina Digest, Criminal Law, Key No. 1036(1).

Appellant next contends that there was insufficient evidence of either actual or constructive possession by him of the stolen goods to permit introduction of such into evidence. He concedes, citing 52A C. J. S. Larceny § 141, p. 691, that generally the question of whether or not stolen goods were in the possession of a defendant is a question for the jury, but insists that there was insufficient evidence of possession in this case to create a jury issue and that, hence, none of the stolen property should have been offered in evidence. As above pointed out, all of the stolen

property was offered in evidence without objection and the issue now sought to be raised cannot be raised for the first time on appeal. But, aside therefrom, certainly with respect to the stolen property recovered from appellant's bedroom, the evidence was quite sufficient to warrant submitting the issue of possession by the defendant to the jury and support a finding by the jury that the defendant was in possession thereof.

One other question was briefed by appellant but abandoned upon oral argument of the case. The exceptions of the appellant are, in our view, without merit and the judgment of the lower court is, accordingly,

Affirmed.

Moss, C. J., and LEWIS, BRAILSFORD and LITTLEJOHN, JJ., concur.