19325

The STATE, Respondent, v. Gary Roy MIOKOVICH, Appellant

(185 S. E. (2d) 860)

*Messrs. Kneece, Kneece & Brown,* of Columbia, *for Appellant,* cite :

*John W. Foard, Jr., Esq., Sol.,* of Columbia, *for Respondent,* cites :

November 30, 1971.

LEWIS, Justice:

Appellant was convicted of assault and battery with intent to kill and received a sentence of twenty (20) years. He has appealed upon six exceptions which present the following questions for determination:

"(1) Was it error for the trial judge to refuse appellant's motion to *sequester* the witness?

"(2) Did the trial judge err in failing to, *sua sponte,* declare a mistrial when the solicitor offered a black sweater in evidence for the third time?

"(3) Did the trial judge err in refusing to permit the appellant to cross examine the State's witnesses as to whether the victim of the assault had been going out with other men on other occasions?"

Appellant's first question concerns the denial of his motion to *sequester* the witnesses. The motion was made after the examination of the second witness for the State had been partially completed. Upon inquiry by the court, appellant's counsel admitted that he had been furnished the prior written statements of the State's witnesses, which could be used in cross-examination for purposes of impeachment.

Under these circumstances, the trial judge refused appellant's motion.

A motion to *sequester* witnesses is addressed to the discretion of the trial judge. While such motions are ordinarily granted, no abuse of discretion or prejudice has been shown from the denial of the motion in this instance. The exceptions charging error in this regard are accordingly overruled.

It is also contended that the trial judge committed error in failing on his own motion, to declare a mistrial when the solicitor offered a black sweater in evidence for the third time.

There was testimony that the appellant was seen wearing a black knit sweater at a night club prior to the alleged assault upon the prosecutrix. The son of the prosecutrix testified that he later saw appellant leaving the home, where the prosecutrix was found beaten and unconscious, and that appellant was wearing a black knit sweater at that time. A black sweater was subsequently taken from appellant's home. When the son testified, he was shown the sweater and asked to identify it. He stated that the sweater looked like the one worn by appellant on the night of the alleged crime. The sweater was then offered in evidence by the State. The court sustained an objection to its introduction, but, agreeably with appellant, the sweater was marked for identification.

The sweater was offered in evidence a second time, when a subsequent witness stated that it looked like the one appellant was wearing at the night club prior to the commission of the crime. Upon objection by appellant, its admission was again denied. Thereafter, the sweater was admitted in evidence upon being identified by an officer as the one taken from appellant's home. At the time of its admission, counsel for appellant stated: "We have no objection."

It appears that there were holes in the sweater where pieces of cloth had been cut out. Arrows had been placed on the garment pointing to the cut out places. In examining

an officer about these marks, the solicitor asked what they indicated. In reply, the officer stated: "The marks would be pointing to blood spots on the sweater or shirt." Appellant immediately objected upon the ground that the witness could not testify as to what the spots on the sweater were, "unless he knows of his own knowledge." The objection was sustained on that ground. The record contains no description of the spots referred to, nor any testimony that a chemical analysis of the spots was made to determine what caused them. The only reference to them, as blood spots, was the foregoing answer of the officer, which was excluded. Apparently, since the alleged spots on the sweater had been cut out, leaving only holes, there was no physical evidence of their appearance.

Although the court sustained every objection made by the appellant to the admissibility of the sweater and testimony thereabout, admitted the sweater in evidence only after appellant had finally announced that there was no objection to its admission, received no request for a mistrial, and the present objection was not made a ground for a new trial, appellant now contends that he should be granted a new trial because the trial judge did not, on his own motion, declare a mistrial because of his present belated claim that the admission of the sweater and the testimony thereabout was prejudicial. Certainly, appellant's counsel did not consider the admission of the sweater prejudicial, for he withdrew his objection to its introduction in evidence. When he objected to the reference to the spots on the sweater as "blood spots", the trial judge sustained the objection. If he considered that the ruling of the trial judge was inadequate to protect the rights of appellant, a motion for a mistrial should have been made. We find nothing in this record to justify the conclusion that the trial judge should have been more alert than counsel for appellant and granted a mistrial, when such was not sought. *State v. Warren,* 207 S. C. 126, 35 S. E. (2d) 38.

The final question involves the attempt by counsel for the defense to cross-examine the State's witnesses as to whether the victim of the assault had been going out with other men on other occasions. The victim was brutally beaten to unconsciousness in her home on January 6, 1970. At the time of the trial, eight months later, she was confined in a nursing home, still unable to speak or move about. Appellant offered no testimony and his only plea was the he was not guilty. Testimony as to whether the victim had been dating other men on other occasions was totally irrelevant to the issue of whether appellant committed the assault and battery upon her on the date in question, and the trial judge properly so ruled.

Moss, C. J., and Bussey, Brailsford and Littlejohn, JJ., concur.