20090

The STATE, Respondent, v. Joseph Thomas JACKSON, Appellant

(217 S. E. (2d) 794)

*John I. Mauldin, Esq.,* of Greenville, *for Appellant,* cites:

*Messrs. Daniel R. McLeod, Atty. Gen., Robert N. Wells, Jr., Staff Atty.,* of Columbia, and *C. Victor Pyle, Sol.,* of Greenville, *for Respondent,* cite:

September 3, 1975.

NESS, Justice:

Joseph Thomas Jackson appeals from his conviction by a jury of armed robbery. He was sentenced to twenty-three years.

The appellant argues for a reversal upon the basis of the following errors committed by the trial court:

(1) The denial of defense counsel's motion to sequester the witnesses' prior to the taking of testimony;

(2) The denial of motion by defense counsel for a mistrial based on allegedly improper testimony by a State's witness concerning the vehicle the appellant was riding in at the time of arrest as a "possible stolen automobile;"

(3) Overruling the objection of defense counsel to the admission of the weapon used in the robbery on the ground

that the State failed to show that the appellant had exclusive possession or control of the weapon confiscated;

(4) Overruling the objection of defense counsel to the admission of a wallet on the ground that the State failed to show that appellant had exclusive possession or control of the wallet;

(5) Allowing the State to solicit hearsay testimony from a defense witness over the objection of defense counsel.

We find these exceptions without merit and affirm the conviction.

On July 10, 1974, an armed robbery by two young males occurred at the Hampton Place Barber Shop in the city of Greenville, South Carolina. On July 12, 1974, after a high speed automobile chase, the police arrested the appellant and two other males. At the scene of the arrest a subsequent search of the automobile produced a wallet and two pistols. One pistol along with the wallet was introduced into evidence. The wallet was identified as one taken from one of the victims and the pistol as the one from which a bullet was fired into the ceiling of the barber shop during the robbery. The appellant was positively identified as one of the robbers by four of the victims.

Prior to the trial, the appellant's counsel moved to have all the witnesses sequestered. The trial judge refused the motion. The granting or refusal of a motion to sequester witnesses is solely discretionary. *State v. Miokovich,* 257 S. C. 225, 185 S. E. (2d) 360 (1971). The rule adopted by this Court is succinctly stated in *State v. O'Neal,* 210 S. C. 305, 312, 42 S. E. (2d) 523 (1947).

The trial judge had previously tried this case and knew the circumstances surrounding it. He offered to sequester witnesses who had not testified in the previous trial and noted that counsel, who had been defense counsel in the first trial and had a tape of the prior trial, could easily impeach the witnesses who had testified in the prior trial. As stated in 23 C. J. S. Criminal Law § 1011,

p. 1077, "the trial court may exempt particular witnesses from the operation of the rule or order of exclusion from the courtroom." A careful review of the record does not convince us that there was an abuse of discretion or that the appellant was prejudiced. This exception is overruled.

Appellant's motion for a mistrial was based on testimony of one of the arresting officers. Upon direct examination the officer was questioned about the manner of operation of the automobile in which appellant was riding. He replied, "I immediately radioed the other cars in the vicinity to check the vehicle out as possible stolen." Counsel objected, the judge excused the jury, held a conference and denied motion for a mistrial. The court instructed defense counsel that if he wished "any amplification made to the jury" to protect his client to "write out what you want me to say, I'll be glad to do so." Counsel replied "No amplification, Your Honor." The ordering or refusal of a mistrial is in the discretion of the trial judge. *State. v. Lake,* 257 S. C. 407, 186 S. E. (2d) 256 (1972). There was no abuse of discretion.

Next, appellant argues error in the introduction into evidence of a pistol and wallet found in the automobile he was riding in at the time of his arrest. This exception is not properly before the Court. Appellant's counsel waived his objection by freely cross-examining witnesses about the wallet and pistol without reserving his rights. *State v. Jordan,* 258 S. C. 340, 188 S. E. (2d) 780 (1972); *State v. Jenkins,* 249 S. C. 570, 155 S. E. (2d) 624 (1967); *State v. Smith* 245 S. C. 59, 138 S. E. (2d) 705 (1964).

If we assume their admissibility is properly raised, no error was committed. The objection was made because the State did not establish that either was in the exclusive possession or control of the appellant. The question of their admissibility is whether the facts and circumstances surrounding their discovery would support an

inference that the appellant was in possession. Exclusive possession is not required; the accused must only "bear a distinctive relationship to the property." *United States v. Johnson,* 140 U. S. App. D. C. 54, 433 F. (2d) 1160, 1164 (1970).

In *State v. Lawhorn,* 254 S. C. 275, 175 S. E. (2d) 233 (1970) (dicta) the defendant, with his wife, lived in a bedroom in his stepfather's home. Evidence was found in a clothes hamper and dresser drawer in the bedroom. Mr. Justice Bussey wrote for the Court and stated the evidence was certainly sufficient to support a finding of possession by the defendant. See also *State v. Jordan, supra; State v. Raines,* 250 S. C. 440, 158 S. E. (2d) 655 (1967); *State v. Kimbrough,* 212 S. C. 348, 46 S. E. (2d) 273 (1948); *State v. White,* 120 S. C. 150, 112 S. E. 823 (1921); 51 A. L. R. (3d) 727.

The facts and circumstances surrounding the discovery of the pistol and wallet were sufficient to allow their introduction into evidence. There was competent evidence, unobjected to by the appellant, identifying the wallet as the one stolen and the pistol as the one used in the robbery. Both items were found in the passenger compartment of the car occupied by the appellant and two companions two days after the robbery. The trial court did not err in overruling the objection.

Lastly, the appellant insists the State elicited impermissible hearsay on cross-examination of Captain E. H. Watson of the Greenville Police Department. On direct examination the appellant asked Captain Watson about a lineup in which three witnesses to the robbery were unable to make positive identification of the appellant. Through Captain Watson the appellant established the witnesses thought another person in the lineup "looked like the person." On cross-examination the State asked if one of the witnesses named Tesner, made positive identification of another person. Captain Watson replied, "no." The State then asked "what did

he do, what did he say, how do you know whether or not he said this one looked like him or whatnot?" The trial court overruled appellant's objection stating, "Well, you've gone into the conversation." Captain Watson answered that Tesner told him immediately after the lineup "that he believed he had pointed to the wrong person."

Appellant's counsel did not call the three witnesses who observed the lineup, but relied on Captain Watson's testimony. On direct examination by the appellant Watson was testifying to conversations he had with the three witnesses who were observing the lineup. How else could the witnesses have communicated to him that someone other than the appellant "looked like" the robber?

■ When part of a conversation is put into evidence, an adverse party is entitled to prove the remainder of the conversation, so long as it is relevant, particularly when it explains or gives new meaning to the part initially recited. "All statements made in a conversation, in relation to the same subject or matter, are to be supposed to have been intended to explain or qualify each other, and therefore the plainest principles of justice requires that if one of the statements is to be used against the party, all of the other statements tending to explain it or to qualify this use should be shown and considered in connection with it." *State v. Thomas*, 159 S. C. 76, 83, 156 S. E. 169, 171 (1930); *State v. Jernigan*, 156 S. C. 509, 153 S. E. 480 (1930).

■ The trial court correctly overruled the objection. The witness' answer perhaps did not relate to the exact conversation, in the strictest sense, as had been testified to on direct examination. But the question as propounded did not ask about any additional conversation ofter the lineup and the appellant did not object to the answer as being unresponsive. Accordingly, we do not consider whether Captain Watson's answer related to the same conversation as brought out on direct. The question was proper and the answer, if it exceeded the scope of the question,

came in without objection. See VII Wigmore on Evidence, (3rd) Ed., §§ 2013, 2015 (1940).

Affirmed.

Moss, C. J., and LEWIS, BUSSEY and LITTLEJOHN, JJ., concur.