20283

The STATE, Respondent, v. Willie ELLISON, Appellant.

(228 S. E. (2d) 549)

*William W. Hodges, Esq.,* of Columbia, *for Appellant.*

*Messrs. Daniel R. McLeod, Atty. Gen., Joseph R. Barker* and *Robert N. Wells, Asst. Attys. Gen.,* and *James C. Anders, Sol.,* of Columbia, *for Respondent.*

September 21, 1976.

*Per Curiam:*

The appellant, Willie Ellison, was tried before a jury on May 21-22, 1975, in the County Court of Richland County and found guilty of armed robbery. The trial judge sentenced appellant to serve eighteen (18) years concurrent with a twelve (12) year sentence he was already serving for another armed robbery. He appeals alleging error by the trial judge in his rulings on the admissibility of a statement given by one Adrian Hopkins prior to trial. Appellant's allegation of error rests solely on the fact that the trial judge did not make a specific ruling on the mental competency of Hopkins to make the statement. We affirm.

Adrian Hopkins was also charged with armed robbery. He pled guilty and was sentenced prior to the commencement of this trial. He testified as a witness for the State against appellant. Appellant alleges error because the trial judge failed to make a specific ruling on Hopkins' mental competency as a witness. The latter issue was not raised by appellant in his exceptions and thus is not properly before this Court. *Evans v. Bruce,* 245 S. C. 42, 138 S. E. (2d) 643 (1964). Further, defense counsel fully cross-examined Hopkins without reserving his rights,

and therefore waived any objection to Hopkins testifying. *State v. Jordan,* 258 S. C. 340, 188 S. E. (2d) 780 (1972).

The sole exception urges error by the trial judge in admitting the statement of Adrian Hopkins into evidence without making a prior determination as to whether he was mentally competent to give the statement. Its admissibility is not otherwise challenged. In determining the admissibility of Hopkins' statement the trial judge followed the procedure as set forth in *Jackson v. Denno,* 378 U. S. 368, 84 S. Ct. 1774, 12 L. Ed. (2d) 908 (1964), by holding an evidentiary hearing out of the jury's presence to determine if the statement was freely and voluntarily given after receiving and understanding the *Miranda* warnings.

Called as a defense witness was Dr. Roland Bieren, a forensic psychiatrist, who had examined Hopkins at the State Hospital. In testifying before the trial judge about the voluntariness of Hopkins' statement he stated that Hopkins was subject to epileptic-type seizures for which he was taking medication; that he was mildly retarded with an I.Q. of sixty-six; that he was not mentally ill; that he was competent to stand trial; that although his intellectual faculties were limited he still was able to understand the basic meaning of the things in the statement; and that on his part the statement was entirely voluntary.

The trial judge conducted a thorough examination into Hopkins' mental competency in determining whether the statement was freely and voluntarily made. *State v. Cain,* 246 S. C. 536, 144 S. E. (2d) 905 (1965). In making the initial determination of admissibility he independently found Hopkins was given his *Miranda* rights and that the statement was voluntary. Implicit in his detailed ruling that the statement was voluntary and admissible was a prior determination from the evidence before him of the competency of Hopkins to make the statement.

Furthermore, appellant has made no showing of prejudice whatever in the admission of Hopkins' statement into evi-

dence. The testimony given by Hopkins during the trial fully covered all the information given in his statement and the defense was able to fully cross-examine him. The statement itself was never published to the jury, although presumably they carried it into the jury room as an exhibit. Further, the trial judge instructed the jury that any statement admitted into evidence should be used only against the person making it and could not be used against another.

Accordingly, the judgment of conviction is affirmed.