0619

The STATE, Respondent v. Phillip L. BOYD, Appellant.

(341 S. E. (2d) 144)

Court of Appeals

*W. Gaston Fairey,* and *W. Frank Cantrell,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock* and *Asst. Atty. Gen. Harold M. Coombs, Jr.,* Columbia, and *Sol. William T. Jones,* Greenwood, *for respondent.*

Heard Oct. 22, 1985.

Decided Jan. 27, 1986.

*Per Curiam:*

Phillip Boyd, who elected to be tried by the judge without a jury, was convicted of possession of marijuana with intent to distribute. Boyd had been previously convicted in 1975 for possession of marijuana, hashish and certain prescription pills, amounts of which were simultaneously in his possession at the time of his arrest; based on the 1975 convictions, Boyd was sentenced as a third offender. We affirm the conviction, but reverse and remand for sentencing as a second offender.

At the time of his arrest, Boyd was driving a large recreational type Ford van vehicle with a Texas license tag on it; but he had no title registration certificate for the van. A highway patrolman stopped him for speeding; there was an odor of alcohol about him and the patrolman then arrested him for DUI. Upon investigation it was found that the license tag was issued for another vehicle and that Boyd's driver's license was issued under false pretenses. After the arresting officer called another patrolman, the van was moved to a safer location and what the officers described as an inventory search of the van was begun which disclosed a large amount of marijuana. Upon discovering the marijuana, the remaining patrolman turned the vehicle over to the Sheriff of Abbeville County who had jurisdiction in this drug related matter.

Boyd moved to sequester the State's witnesses on the grounds that their testimony was interrelated. The solicitor identified the roles of the two highway patrolmen involved in the arrest and the trial judge concluded that while the

witnesses' testimony might overlap, Boyd would not be benefited by the sequestration and he then denied the motion.

At issue on appeal are whether (1) the trial judge erred in refusing to sequester the witnesses, (2) the inventory search and resulting discovery of the marijuana violated Boyd's Fourth Amendment rights and (3) Boyd was properly sentenced as a third offender.

Sequestration of witnesses is a matter of discretion for the trial judge. *State v. Harris*, 275 S. C. 463, 272 S. E. (2d) 636 (1980). While an order excluding witnesses is rarely withheld when applied for by either party in good faith, a party is not generally entitled to sequestration as a matter of right. A motion for sequestration may be refused if the trial judge, in the exercise of his discretion, feels that there are not sufficient grounds to grant the motion. *State v. Jackson*, 265 S. C. 278, 217 S. E. (2d) 794 (1975). In the case before us, the trial judge was fully apprised of the circumstances of the case and concluded that there was no prejudice shown by Boyd to support the motion. Under these circumstances we hold that there was no error. *State v. Jackson, supra.*

We also conclude that there was not an unconstitutional search of the vehicle. Inventory searches are legal under certain circumstances set forth in *South Dakota v. Opperman*, 428 U. S. 364, 96 S. Ct. 3092, 49 L. Ed. (2d) 1000 (1976) and *State v. Lemacks*, 275 S. C. 181, 268 S. E. (2d) 286 (1980); we think these cases are controlling and reject the contention that the search of the automobile was violative of Boyd's constitutional rights under the Fourth Amendment to the United States Constitution.

We are presented with a novel question by Boyd's argument that in determining the number of offenses for the purpose of imposition of sentence, the trial judge should have treated as one Boyd's two prior convictions because they arose out of a single incident in which he was found in possession of two controlled substances and sentenced separately for each.

The General Assembly adopted in the case of habitual offenders Boyd's thesis that where a conviction on two or more counts arising out of acts committed in the course of a

single incident has been entered, the conviction should count as only one for the purposes of sentencing in a subsequent and separate conviction. Section 17-25-50, Code of Laws of South Carolina (1976), provides:

> In determining the number of offenses for the purpose of imposition of sentence, the court shall treat as one offense any number of offenses which have been committed at times so closely connected in point of time that they may be considered as one offense, notwithstanding under the law they constitute separate and distinct offenses.

The General Assembly adopted the same line of reasoning for multiple traffic offenses. Section 56-1-1020, Code of Laws of South Carolina (1976), as amended in 1984.

We do not think the rule that statutes relating to the same subject are to be construed together and harmonized applies to the situation before us, but we do hold that the same logic and fairness of these two statutes require the adoption of Boyd's thesis that a conviction of two or more counts under the Controlled Substance Act which arose out of acts committed in the course of a single incident should count as one for the purpose of sentencing for conviction of a subsequent and separate violation of the Controlled Substance Act. Furthermore, to our knowledge, no one has ever contended that in the sentencing of a defendant convicted of several counts of violations of the Controlled Substance Act arising out of the same incident, the defendant could be sentenced as a second or third offender. This being true, it would not be logical or fair in a subsequent offense and incident involving another and subsequent trial and conviction to do in the second trial what would not have been done in the prior conviction and sentencing.

For these reasons we hold that where a defendant has ■ ■ been convicted on two or more counts for the violation of the Controlled Substance Act arising out of simultaneous acts committed in the course of a single incident, the convictions will be considered as only one for the purpose of sentencing under a subsequent conviction for a vio-

lation of the Controlled Substance Act.[1] We hasten to add that where multiple convictions are obtained for violations of the Controlled Substance Act where the violations are unrelated to one another and do not arise out of a single incident that there be no prohibition of counting for sentencing purposes each conviction separately. And we so hold.[2]

For the reasons stated, we affirm Boyd's conviction of the crime charged but reverse insofar as he was sentenced as a third offender and remand for resentencing as a second offender.

Affirmed in part; reversed in part and remanded.

---

[1] In addition to Sections 17-25-50 and 56-1-1020 discussed above, *cf. State v. Pee Dee News Company, Inc.*, 286 S. C. 562, 336 S. E. (2d) 8 (1985), where our Supreme Court held that the counts contained in the indictments should be consolidated for purposes of sentencing when there is no evidence that the pornographic distributions occurred at different times. *See generally:* 39 Am. Jur. (2d) *Habitual Criminals* § 10 (1968); 24B C.J.S. *Criminal Law* § 1960(5b) (1980); Annot., 24 A.L.R. (2d) 1234, 1248 (1952).

[2] This holding is not inconsonant with the decision of *State v. Patterson*, 272 S. C. 1, 2, 249 S. E. (2d) 771 (1978). There the court rejected the defendant's argument that he could not be sentenced for a second offense until and unless he had actually been convicted of a first offense prior to the occurrence of the second offense. There the defendant committed two separate crimes arising out of two separate transactions. In the case before us, the two offenses were the result of a single incident and occurred simultaneously although two separate sections of the Controlled Substance Act were violated.