617 S.E.2d 383

**The STATE, Respondent,**

v.

**Michael Patrick MUNYON, Appellant.**

**No. 4003.**

Court of Appeals of South Carolina.

Submitted May 1, 2005.

Decided June 20, 2005.

Rehearing Denied Aug. 26, 2005.

---

James Arthur Brown, Jr., of Beaufort, for Appellant.

Attorney General Henry D. McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General W. Rutledge Martin, all of Columbia; and Solicitor Ralph E. Hoisington, of Charleston, for Respondent.

WILLIAMS, J.:

Michael Munyon appeals the enhancement of his sentence for conspiracy to traffic marijuana based on a prior drug-related offense. We affirm.

## FACTS

On April 8, 2003, the South Carolina State Grand Jury indicted Michael Munyon for conspiracy to traffic one hundred pounds or more of marijuana. On October 7, 2003, Munyon appeared before the circuit court and pled guilty to the lesser included offense of conspiracy to traffic between ten and one hundred pounds of marijuana. The trial court treated the charge as his second offense.

Munyon's prior conviction arose from a June 16, 2001, search of his Charleston home. Munyon and four others were charged with possession with intent to distribute marijuana and possession with intent to distribute within one-half mile of a school. In March 2002, Munyon pled guilty to simple possession and received a one hundred dollar fine.

The charge for which Munyon was indicted on April 8, 2003, concerns Munyon's involvement, beginning in 2002, in a conspiracy to receive and sell large amounts of marijuana. The indictment mentions that the conspiracy began in November,

1999 and continued until the time the indictment was issued. Munyon argued the prior conviction should not be treated as such for sentencing purposes because the simple possession conviction was the result of a larger pattern of behavior which ultimately resulted in the 2003 conspiracy charge. The trial court disagreed and sentenced Munyon to a mandatory minimum of five years and imposed a fifteen thousand dollar fine.

## LAW AND DISCUSSION

Munyon argues that because the 2002 and 2003 convictions are related and arise from a single incident, the 2002 conviction should not be treated as a prior conviction for sentencing purposes. We disagree.

Munyon pled guilty to conspiracy to traffic between ten and one hundred pounds of marijuana. Section 44-53-370(e)(1)(a) of the South Carolina Code (2002) discusses the penalty for this offense. An individual convicted of a first offense must be sentenced to at least one year, but not more than ten years and fined ten thousand dollars. *Id.* If it is a second offense, the individual must be sentenced to at least five years, but no more than twenty years and fined fifteen thousand dollars. *Id.*

Section 44-53-470 of the South Carolina Code (2002) explains when a crime is considered a second or subsequent offense. It provides, "[a]n offense is considered a second or subsequent offense, if, prior to his conviction of the offense, the offender has at any time been convicted under this article or under any State or Federal statute relating to narcotic drugs, marihuana, depressant, stimulant, or hallucinogenic drugs."

Because Munyon has a prior simple possession of marijuana conviction from 2002, the plain terms of section 44-53-470 suggest the penalty for his current offense should be enhanced. Nevertheless, in *State v. Boyd,* 288 S.C. 206, 341 S.E.2d 144 (Ct.App.1986), we explained that a court is restricted from using a prior conviction for enhancement if the prior offense arose "out of simultaneous acts committed in the course of a single incident." *Id.* at 209-10, 341 S.E.2d at 146. In *Boyd,* the defendant was convicted of a drug charge and sentenced as a third time offender. *Id.* at 207, 341 S.E.2d at 145. His sentence was enhanced based on earlier convictions

for possession of marijuana, hashish, and prescription pills. *Id.* However, the earlier convictions arose from the same arrest. *Id.* The court found Boyd should have been sentenced as a second time offender because multiple convictions will be considered as one for sentencing purposes if they "aris[e] out of simultaneous acts committed in the course of a single incident." *Id.* at 209–10, 341 S.E.2d at 146. *See also State v. Woody,* 345 S.C. 34, 545 S.E.2d 521 (Ct.App.2001) (finding armed robberies of a convenience store and the convenience store clerk were committed within one incident and should only be treated as one conviction for sentencing purposes).

Munyon argues the 2002 and 2003 convictions should be treated as one for sentencing purposes because they took place in the same general location (Charleston), involved the same people, took place during overlapping time frames, and involved similar crimes (dealing marijuana). However, Munyon's prior charge was based on possession with intent to distribute on June 17, 2001. By Munyon's own admission, he did not enter the conspiracy that began in 1999 until 2002. Therefore, the charges did not arise out of simultaneous acts committed in the course of a single incident.

**AFFIRMED.**[1]

ANDERSON and STILWELL, JJ., concur.

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.