17094

**THE STATE, Respondent, v. SAMUEL WRIGHT, Appellant**
(90 S. E. (2d) 492)

*S. Morgan, Esq.,* of Orangeburg, *for Appellant,*

*Julian S. Wolfe, Esq., Solicitor,* of Orangeburg, *for Respondent,*

*S. Morgan, Esq.,* of Orangeburg, *for Appellant; in reply.*

December 5, 1955.

STUKES, Justice.

Appellant was convicted of the axe-murder of Mrs. Mary Lee Stroman which occurred in her Orangeburg home on the night of February 26, 1955. Her husband, sitting with her viewing television, was seriously wounded at the same time.

Appellant's grandmother was the long-time house servant of the Stromans and lived in a garage apartment in the yard of their home. She testified for the State that appellant, who was twenty years old and finished the sixth grade in school, visited her in her apartment on the night of the tragedy and

tried to borrow money, which she refused to lend him. At about half-past seven o'clock on the next morning she entered the kitchen of the home and began the preparation of breakfast when she heard Mr. Stroman's groans and call. She then went into the room where Mrs. Stroman was in a chair dead, and Mr. Stroman was lying on the floor. At his instruction she called the police who came promptly. In answer to her question Mr. Stroman told her that a Negro with an axe had beaten him up and killed his wife.

The appellant was apprehended by the officers about thirty-five miles from Orangeburg on the evening of February 28 and taken to the city police station where he admitted the crime in the presence of several officers. He directed them to a vacant lot about seven-tenths of a mile from the Stroman home where he had secreted a pocketbook and papers which were taken from Mr. Stroman; and he accompanied the officers to the hiding place where the articles were found where he had said they were. On the next morning appellant was taken to the office of the State Law Enforcement Division where he repeated his confession which was taken in shorthand by a stenographer, typed in duplicate, signed by appellant in the presence of a Notary Public and in the presence of an Orangeburg County Deputy Sheriff, a City police officer and two State officers, all of whom signed as witnesses. Appellant also signed an appended certificate that he had read the statement and was given a copy. It was to the effect that he obtained his grandmother's key with which he unlocked the door to the Stroman home, obtained an axe from the garage, went in the house and struck Mr. Stroman with it, then Mrs. Stroman, took Mr. Stroman's pocketbook and papers, removed the money and after he had left the house and disposed of the pocketbook and papers, he bought some beer and bootleg whisky nearby, went back to the house, cut the television off, went upstairs and looked into drawers, returned downstairs and hit the safe with the axe in an effort to open it. He obtained about $30.00 from the pocketbook.

All of the officers who were present and witnessed the written confession testified, were examined and cross-examined at length and were clear and convincing in their testimony that the confession was free and voluntary and that appellant was informed as to his rights thereabout, which was uncontradicted; there was not even lengthy questioning by the officers. However, the jury were instructed that before consideration of the confession as evidence they must determine that the State had established beyond a reasonable doubt that it was in fact free and voluntary. *State v. Sanders,* 227 S. C. 287, 87 S. E. (2d) 826. The circumstantial evidence which has been mentioned corroborated the confession; and the medical evidence was that death resulted from a very severe head wound which could have been caused by the back or blunt side of the blade of an axe. The blood-stained axe was found in a closet of the home.

Notice of appeal was not given within ten days of the rising of the court as required by Sec. 7-405 of the Code of 1952, which was necessary to give this court jurisdiction of the attempted appeal from the judgment of conviction and sentence. 3 West's S. C. Digest, Appeal and Error—425-430, p. 396 *et seq.* However, there was timely notice of appeal from order refusing new trial upon the ground of alleged after-discovered evidence which has occasioned review of the trial record, in which the State has generously assisted by providing printed transcript of all the proceedings in the lower court; and no right was lost by appellant on account of the failure of his counsel to appeal from his conviction and sentence. There was no error in the trial.

The claim of counsel that the coroner's inquisition was not returned to the clerk of the court in compliance with Code Sec. 17-126, which requires such return within ten days, is unimportant. Counsel were furnished a copy of the proceedings before the coroner when they were assigned to defend appellant; and they used it in their cross-examination of a State's witness. The formal

filing, if omitted or delayed, could have had no effect. Counsel's motion to quash the indictment on that ground was without merit.

Upon call of the case for trial there were further motions by counsel—for continuance and for a change of venue. However, upon the previous appointment of counsel to defend and after conference between them and the appellant, they announced to the court that they would be ready for trial one week hence, when the case was called and the trial had. There was no ground shown for continuance; and for change of venue only prior issues of the local newspaper which contained news items of the approaching trial, one accompanied by a picture of appellant, were presented. The news articles were not out of the ordinary in such cases and were not calculated to prejudice appellant in his trial; and there were no affidavits that he could not obtain a fair trial. The motions were overruled but the court separately examined each juror upon his *voir dire* which established their impartiality and competence to sit upon the jury and render a verdict in accord with the evidence. Apparently appellant did not exhaust his peremptory challenges.

Both motions were addressed to the discretion of the trial court and there is no semblance of showing that it was not soundly exercised and the motions properly denied. For our former decisions relating to continuance of criminal cases see 7 West's S. C. Digest, Criminal Law—586 *et seq.,* p. 505 *et seq.,* and as to change of venue, 7 West's S. C. Digest, Criminal Law—115 *et seq.,* p. 413 *et seq.*

On the motion for new trial upon after-discovered evidence two affidavits were presented. One was that of the grandmother of appellant and was to the effect that he had been shot in the head at some prior unstated time which had affected his mind and he occasionally committed, quoting from the affidavit, "acts detrimental to himself and others, of which he was not conscious." The other

affidavit was by a grandfather of appellant, that the latter's great-grandfather died insane in 1913, and that a cousin was committed to a hospital for the insane in 1917 and remained there for a period of two years. After commission of the crime and some time before trial appellant was examined by the authorities of the State Hospital who reported that he was in good physical and mental condition. The report, which is in the record, concluded as follows: "Psychiatric examination does not reveal evidence of mental illness (insanity), and the medical staff diagnosed Samuel Wright, Jr., as not insane." The motion was lacking in all of the requisites as set out in *State v. Strickland,* 201 S. C. 170 22 S. E. (2d) 417, 418, as follows: " '(1) That the evidence is such as will probably change the result if a new trial is granted. (2) That it has been discovered since the trial. (3) That it could not have been discovered before the trial by the exercise of due diligence. (4) That it is material to the issue. (5) That it is not merely cumulative or impeaching.' " One of the counsel was stopped in argument of insanity to the jury, because there was no plea or evidence of it. *State v. Bethune,* 88 S. C. 401, 71 S. E. 29. Later decisions to the same effect are *State v. Miller,* 223 S. C. 128, 74 S. E. (2d) 582, and *State v. Clamp,* 225 S. C. 89, 80 S. E. (2d) 918.

The order refusing new trial is affirmed; and the stay of execution of the sentence, which was heretofore granted by the Chief Justice, is dissolved.

Affirmed.

TAYLOR, OXNER and LEGGE, JJ., and T. B. GRENEKER, Acting Associate Justice, concur.