## 20198

The STATE, Respondent, v. James Edward LAWRENCE, Appellant.

(228 S. E. (2d) 856)

*Jeffrey A. Merriam, Esq.,* of Greenville, *for Appellant.*

*Messrs. Daniel R. McLeod, Atty. Gen., Emmet H. Clair* and *Harry W. Davis, Jr., Asst. Attys. Gen.,* of Columbia, *for Respondent.*

March 31, 1976.

*Per Curiam:*

James Edward Lawrence, the petitioner herein, was convicted on September 25, 1972 of armed robbery, assault and battery of a high and aggravated nature and carrying a weapon. He was sentenced for these offenses to twenty-four (24) years, nine years and one year respectively. Notice of intent to appeal was not given within ten days of the rising of the court as required by Section 7-405 of the South Carolina Code of Laws, 1962 which was necessary to give this Court jurisdiction of an appeal from the convictions and sentences. *State v. Wright,* 228 S. C. 432, 90 S. E. (2d) 492 (1955).

Petitioner filed an Application for Post-Conviction Relief, in the Greenville County Court, which was finally dismissed on September 17, 1973. Petitioner erroneously filed with this Court on September 14, 1973 a pleading captioned "Appeal to Return and Motion to Dismiss" which was dismissed by then Chief Justice Moss. Subsequent to the denial of post conviction relief, petitioner attempted a direct belated appeal to the sentencing court which was denied for lack of jurisdiction. A similar motion was sent to this Court and the clerk informed petitioner it could not be filed since he had failed to give notice of intention to appeal within ten days of judgment. See *White v. State,* 263 S. C. 110, 113, 208 S. E. (2d) 35 (1974).

Petitioner then sought relief in the Federal District Court for the District of South Carolina. In reviewing petitioner's writ of *habeas corpus* Judge Martin found that the record did not reveal with certainty that petitioner was apprised of his right to appeal and, thus, an issue was raised

as to his waiving his right to direct appeal· meaningfully and voluntarily. See *Nelson v. Peyton,* 4 Cir., 415 F. (2d) 1154, 1157 (1969). *Shiflett v. Commonwealth,* 4 Cir., 447 F. (2d) 50, 54 (1971). He directed the State to appoint counsel for petitioner in order to seek belated review of his conviction. The case is now before the Court on motion of appointed counsel for permission to docket a belated appeal.

Appointed counsel has filed brief in compliance with *Anders v. California,* 386 U. S. 738, 87 S. Ct. 1396, 18 L. Ed. (2d) 493 (1967), in which he concludes that two of the three exceptions are wholly frivolous and that although the third has merit in his opinion, it was not raised before the lower court and thus cannot be properly raised the first time on appeal.

Exception One alleges that the trial judge charged the jury as to the facts. The Court, having reviewed the entire jury charge, finds that the trial judge did not charge the facts but rather he was careful to instruct the jury that they were the sole judges of the facts.

Exception Two alleges that it was error for the trial judge to charge the law of murder and manslaughter when those offenses were not part of the indictment. We find no error. The trial judge defined the crimes of murder and manslaughter in merely an effort to aid the jury in understanding the distinction between assault and battery with intent to kill and assault and battery of a high and aggravated nature, both of which were possible verdicts under the indictment. The trial judge made it clear to the jury that murder and manslaughter were not possible verdicts. Specific approval· of this charge is found in *State v. Jones,* 133 S. C. 167, 180 (1925), 130 S. E. 747.

Exception Three alleges the court "erred in imposing a sentence of one year for the charge of carrying a weapon, the error being that in the circumstances of the present case this sentence is violative of the double jeopardy portion of the Fifth Amendment to the United

States Constitution." Although it is not clear what issue this exception raises and is subject to dismissal under Supreme Court Rule 4, Section 6, in view of the extraordinary history of petitioner's attempts at review we shall state what we conclude is the issue raised and rule on that. We understand petitioner's exception to allege that conviction of armed robbery and unlawful possession of a pistol constitutes double jeopardy when consecutive sentences are imposed to each charge.

"Where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not." *Blockburger v. United States,* 284 U. S. 299, 304, 52 S. Ct. 180, 182, 76 L. Ed. 306 (1932). Or put another way, ". . . conviction or acquittal upon the indictment is no bar, to a subsequent conviction and sentence upon another, unless the evidence required to support a conviction upon one of these would have been sufficient to warrant a conviction upon the others. The test is not whether the defendant has already been tried for the same act, but whether he has been put in jeopardy for the same offenses." *Morey v. Commonwealth,* 108 Mass. 433, 434 (1871); Accord, *Callanan v. U. S.,* 364 U. S. 587, 81 S. Ct. 321, 5 L. Ed. (2d) 312 (1961). It is apparent that when the test is applied to the instant case, petitioner's exception must fail. Proof of armed robbery does not necessitate proof of *unlawful* possession of a pistol but only that the robbery be committed while armed with a deadly weapon. Section 16-333 S. C. Code of Laws. One lawfully in possession of a pistol may commit armed robbery. The additional fact to be proved for conviction of unlawful possession of a pistol is that the person does *not* fit within the exceptions where one may lawfully carry a pistol enumerated in Section 16-129.1 of the Code.

We must refuse the motion of appointed counsel for a belated appeal as we have no jurisdiction over such an appeal in the absence of notice of appeal having been given and timely served. *White v. State, supra,* Code Section 7-405, 3 West's South Carolina Digest, Appeal and Error, Key No. 425-430. While this Court is without jurisdiction to entertain such an appeal, we have fully reviewed the trial records in connection with the motion which is before us and our review thereof has led to the conclusion there are no meritorious grounds for appeal, even if this Court had jurisdiction.

Motion denied.