20471

Arthur Lee MILLER, Appellant, v. The STATE of South Carolina, Respondent.

(236 S. E. (2d) 422)

*David H. Maring, Esq.,* of Georgetown, *for Appellant.*

*Daniel R. McLeod, Atty. Gen., Emmet H. Clair, Senior Atty. Gen.,* and *Katherine W. Hill, Asst. Atty. Gen.,* of Columbia, *for Respondent.*

July 19, 1977.

Per Curiam:

Appellant was convicted on June 23, 1975 of rape. He was sentenced to fourteen (14) years imprisonment. Notice of Intent to Appeal was not given within ten days of the rising of the court as required by Section 7-405 of the South Carolina Code of Laws, 1962 which was necessary to give this Court jurisdiction of an appeal from the conviction and sentence. *State v. Wright,* 228 S. C. 432, 90 S. E. (2d) 492 (1955).

Appellant filed an application for Post Conviction Relief which was finally dismissed on December 2, 1976. On this appeal appellant raises two exceptions to the order of the lower court dismissing his application.

Exception One alleges that the lower court erred by refusing to hold that appellant was denied the effective assistance of counsel. A careful review of the record convinces us that the lower court was correct in finding that appellant was adequately represented by competent counsel.

The lower court held that it was without authority to grant any relief even though appellant was denied his right to appeal and it refused to take testimony or

rule upon several issues raised by appellant in his application for Post Conviction Relief. Exception Two alleges that such holding was error. The issues which appellant was attempting to raise were not raised at trial. His failure to raise these issues at trial constituted a waiver of any rght to do so on direct appeal or Post Conviction Relief. *Simmons v. State,* 264 S. C. 417, 215 S. E. (2d) 883 (1975); *Peyton v. Strickland,* 262 S. C. 210, 203 S. E. (2d) 388 (1974); *Ashley v. State,* 260 S. C. 436, 196 S. E. (2d) 501 (1973). Consequently, it would have been a useless exercise for the lower court to take testimony and rule upon these issues as they clearly were without merit.

While this Court is without jurisdiction to entertain a direct appeal, in accordance with the procedure followed in *White v. State,* 263 S. C. 110, 208 S. E. (2d) 35 (1974), we have fully reviewed the trial record in connection with the appeal before us. Our review has led to the conclusion there are no meritorious grounds for appeal, even if this Court had jurisdiction.

Affirmed.