### 20737

The STATE, Respondent, v. Ronnie E. PATTERSON, Veronica Mack, Appellant.

(249 S. E. (2d) 770)

*Michael P.: O'Connell,* Charleston, *for appellant.*

*Atty. Gen. Daniel R. McLeod, Asst. Atty. Gen. Brian P. Gibbes, Staff Atty. Kay G. Crowe,* and *Sol. James C. Anders,* Columbia, *for respondent.*

August 9, 1978.

LITTLEJOHN, Justice:

The appellant, Ronnie E. Patterson, was on May 2, 1977, charged in two separate indictments for distribution of Preludin, a controlled substance drug. The two offenses occurred on March 10, 1977.

On May 31, 1977, the State accepted two guilty pleas by the appellant: (1) to an accommodation sale of Preludin, and (2) to the distribution of Preludin. On the accommodation sale charge, he received a sentence of four months, and on the distribution charge, a sentence of seven years, suspended on the service of three years, to be served con-

secutively after the four-months sentence. The distribution offense was treated as a second offense for sentencing purposes.

During the following week, on June 9, 1977, the appellant made a motion for resentencing. It was his contention that both offenses should have been treated as "first offenses" for the purpose of sentencing. The trial judge, who had imposed the sentences and was continuing to preside over the court, ruled that the court had no jurisdiction to reconsider and act upon the sentences under the case of *State v. Best*, 257 S. C. 361, 186 S. E. (2d) 272 (1972). In that case this court held that a trial judge has no jurisdiction to review his own sentences and substitute sentences after adjournment of the court.

By order dated November 30, 1976, the Chief Justice, under his constitutional administrative authority, had ordered the court of general sessions to sit in Richland County from January 10, 1977, for a period of 24 weeks. It is the contention of the appellant that this 24 week period constituted one term of court such that the sentence could be reconsidered during that entire period of time. It is the contention of the State that each week constitutes a separate term of court and that a judge may not review his own sentences after court adjourns at the end of the week in which the sentences were imposed. We agree with the argument propounded by the State and hold that, generally, when court is ordered by the Chief Justice, each week constitutes a separate term. Accordingly, we hold that the trial judge correctly ruled that he did not have jurisdiction.

The contention of the appellant that he could not be sentenced for a second offense until and unless he had been actually convicted of a first offense prior to the happening of the second offense, is also without merit. Section 44-53-470, Code of Laws of South Carolina (1976) states:

"An offense is considered a second or subsequent offense, if, prior to his conviction of the offense, the offender has at

any time been convicted under this article or under any State or Federal statute relating to narcotic drugs, marihuana, depressant, stimulant, or hallucinogenic drugs."

At the time of the imposition of the sentence for the second offense, the appellant stood convicted by way of a guilty plea of a first offense. Even though he had not been convicted of a first offense at the time the second offense occurred, or at the time of the indictment of the second offense, such is of no consequence in our interpretation of the statute. The trial judge properly treated the charges as first and second offenses, respectively, and imposed sentences accordingly.

While it is not controlling as a legal proposition, we add that no advantage of the appellant was taken. Prior to accepting the guilty plea, the judge stated to the appellant:

"Well the first offense would be on the accommodation sale, for which you're getting the benefit of the sentence being only up to six months or a thousand dollar fine. But then this other Preludin sale charge would be a second offense being considered a felony. The penalty or punishment that could be imposed in the discretion of the court is up to ten years in the discretion of the court; or a ten thousand dollar fine, or both. Now do you understand what you are charged with and the punishment that could be imposed?

THE DEFENDANT: Yes, sir."

The appeal is without merit, and the lower court is

Affirmed.

Lewis, C. J., and Ness, Rhodes and Gregory, JJ., concur.