Ex parte Michael Thomas ATTARDO, Petitioner.

In re The STATE, Plaintiff, v. Michael Thomas ATTARDO, Defendant.*

(249 S. E. (2d) 771)

* Ex parte Barbara Jean Blackmon; In re *State v. Barbara Jean Blackmon;* Ex parte Robert Lee Goodwin; In re *State v. Robert Lee Goodwin;* Ex parte Pleas Levon Quattlebaum; In re *State v. Pleas Levon Quattlebaum;* Ex parte James Anthony Summers; In re *State v. James Anthony Summers;* Ex parte James David Tyler; In re *State v. James David Tyler;* Ex parte Shirbie Jumper Williams; In re *State v. Shirbie Jumper Williams.*

December 15, 1978.

*Per Curiam.*

This is a motion for supersedeas. Petitioners, inmates at the Lexington County jail, seek to supersede an order of the Honorable Louis Rosen denying their request for release based on an application of *State v. Patterson,* Opinion No. 20737, S. C., 249 S. E. (2d) 770, filed August 9, 1978, to Code Section 17-23-90 (1976). We deny the motion.

Our decision in *State v. Patterson, supra,* wherein we held that a term of court terminates when court adjourns at the end of the week, has no application to a defendant's right to a speedy trial as defined in Code Section 17-23-90. That provision clearly envisions statutory terms of court as scheduled by the General Assembly rather than "special" terms designated by the Chief Justice. The construction urged by the petitioners would require that a defendant be tried within two weeks of his incarceration to avoid a violation of his right to a speedy trial. This construction would place an impossible burden upon our judicial system. Accordingly, we conclude Section 7-23-90 applies only to statutory terms of court, not to the special terms of court considered in *State v. Patterson.*

Petitioners' motion for supersedeas is hereby denied.

IT IS SO ORDERED.