## 22779

The STATE, Respondent v. Thomas HINSON, Appellant.

(361 S. E. (2d) 120)

Supreme Court

*Stuart A. Feldman,* Charleston, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *Carolyn M. Adams,* Columbia, *Solicitor Robert J. Harte,* Aiken, *for respondent.*

Heard April 20, 1987.

Decided Sept. 8, 1987.

NESS, Chief Justice:

Appellant Thomas Hinson was convicted of trafficking in marijuana and sentenced to twenty-five years in prison. We affirm appellant's conviction, but remand to permit appellant to move before the circuit court for a new trial.

Prior to trial, appellant made a motion for disclosure of favorable evidence pursuant to *Brady v. Maryland,* 373 U. S. 83, 83 S. Ct. 1194, 10 L. Ed. (2d) 215 (1963). He renewed his motion at the commencement of the trial. The State disclosed nothing regarding a promise of immunity with prosecution witness Johnophine Stalls.

In response to questioning by the solicitor, Mrs. Stalls testified she had not been promised anything for her testimony against appellant. She confirmed this under cross examination by appellant's counsel. In closing argument, the solicitor attempted to bolster the credibility of Mrs. Stalls by suggesting she had willingly testified despite pending charges against her.

Moments after the verdict was returned, the solicitor advised the trial judge Mrs. Stalls would not be prosecuted. Following this statement, appellant renewed his motion for a new trial on the basis of the solicitor's failure to disclose a promise of immunity made to Mrs. Stalls in exchange for her testimony. The trial judge failed to rule on the motion observing that Mrs. Stalls' testimony "will speak for itself."

Due process requires disclosure by the prosecution upon motion of the defendant, of evidence which would be favorable to the accused and which is material to guilt or punishment. *Brady v. Maryland, supra.* Evidence which may be used to impeach a witness's credibility is favorable to an accused under *Brady. Giglio v. United States,* 405 U. S. 150, 92 S. Ct. 763, 31 L. Ed. (2d) 104 (1972).

"When the reliability of a given witness may well be determinative of guilt or innocence," nondisclosure of a promise of immunity made to that witness is a violation of due process. *Giglio v. United States*, 92 S. Ct. at 154, citing *Napue v. Illinois*, 360 U. S. 264, 79 S. Ct. 1173, 3 L. Ed. (2d) 1217 (1959). A new trial will be required when the non-disclosed evidence is material. *Brady v. Maryland, supra.* Evidence is material when there is a reasonable probability that the result of trial would have been different had the evidence been disclosed to the defense. *United States v. Bagley*, 473 U. S. 667, 105 S. Ct. 3375, 87 L. Ed. (2d) 481 (1985).

Appellant urges reversal of his conviction based on the nondisclosure of a promise of immunity made to Mrs. Stalls. While the record strongly suggests an undisclosed promise, it does not clearly show a promise existed. At most, the record reflects the solicitor's unilateral decision not to prosecute. The time the decision was made, and Mrs. Stalls' knowledge of the decision, if any, are left to speculation.

The procedural history of *Giglio, supra,* makes clear that a motion for a new trial is the proper vehicle for exploring these issues when the trial record does not fully reflect the circumstances surrounding the alleged promise.[1] The trial court may determine, through testimony of Mrs. Stalls, the solicitor, and other parties with knowledge of the facts, the circumstances of the alleged promise. A decision can then be made on the basis of the facts as they are determined to be, not on the basis of speculation.

As noted, appellant made a motion for a new trial on the basis of a non-disclosure, but the trial judge failed to rule on the motion. We remand to allow appellant to renew this motion and to file supplemental documentation in support of his motion. Notwithstanding the provisions of Criminal Practice Rule 5, appellant shall have thirty (30) days from the date of this opinion to renew his motion in the trial court.

---

[1] While Giglio's direct appeal from his conviction was pending, he moved in the district court for a new trial on the basis of the prosecution's non-disclosure of a promise of immunity. The motion was denied. The United States Supreme Court reversed the denial of a new trial motion, *not* the conviction. 92 S. Ct. at 764.

Appellant's remaining exceptions are without merit, and his conviction is affirmed subject to the remand as set forth above.

Affirmed and remanded.

GREGORY and HARWELL, JJ., and BRUCE LITTLEJOHN, Acting Associate Justice, concur.

FINNEY, J., dissents.

FINNEY, Justice (dissenting):

I respectfully dissent. For all practical purposes, the state concedes in its brief that a "deal" may have existed. Indeed, the state argues that Johnophine Stalls' testimony was not exculpatory nor material to appellant's guilt or punishment and, therefore, not subject to disclosure. *Brady v. Maryland*, 373 U. S. 83, 83 S. Ct. 1194, 10 L. Ed. (2d) 215 (1963). The state also erroneously contends that Mrs. Stalls' testimony was not subject to disclosure because it was impeachment evidence and that her testimony did not affect the outcome of the trial nor deprive appellant of his right to due process. *See, Giglio v. United States*, 405 U. S. 150, 92 S. Ct. 763, 31 L. Ed. (2d) 104 (1972); *United States v. Bagley*, 473 U. S. 667, 105 S. Ct. 3375, 87 L. Ed. (2d) 481 (1985).

The chain of events which occurred during and immediately following the trial leads to the inescapable conclusion that at most, a promise was made to the witness, or at least, there was absence of adventitiousness in the solicitor's decision not to prosecute his key witness. Mrs. Stalls testified that both the amount of her bond and the charges against her had been reduced, that she had been promised nothing in return for her testimony, that her case was going to trial, and that she hoped to get some leniency. The solicitor, in his closing argument, emphasized the testimony of Witness Stalls, and emphatically denied the existence of any agreement concerning either immunity, leniency or promises made to her. However, moments after the guilty verdict was rendered, he stated that Mrs. Stalls would not be prosecuted for her involvement in the crime.

The solicitor's denial of an agreement in several instances and his perfunctory dismissal of the charges in the next

instance cannot be rationalized, justified or tolerated in the judicial process. Such behavior provokes the indignation of the justiciable conscience and undermines public confidence in the system.

While the majority's decision to affirm and remand to allow appellant to renew his motion for a new trial may conform procedurally, it falls short of the high standards of justice mandated by the South Carolina system of jurisprudence. Such a course of action works to the potential detriment of the system; whereas reversal and a new trial would insure full protection of the appellant's constitutional rights, and the triers of the fact would be fully apprised of the circumstances of Mrs. Stalls' testimony without danger of compromising the integrity of our judicial system.

I, likewise, disagree with the majority's decision to affirm without discussion appellant's remaining exceptions as being without merit. I would specifically note the following issues:

A. The court's failure to charge the lesser included offense of trafficking between ten and one hundred pounds of marijuana, *see, State v. Mathis*, 287 S. C. 589; 340 S. E. (2d) 538 (1986) (jury must be instructed on lesser included offense where there is evidence from which juror could infer that defendant committed lesser, rather than greater offense);

B. The failure of the court to allow the cross examination of Mrs. Stalls concerning prior testimony before a judicial body; and

C. The court's limitation of appellant's time for closing argument. *See*, S. C. R. Civ. P. 43(j); *see also, State v. Rodgers*, 269 S. C. 22, 235 S. E. (2d) 808 (1977). Under the circumstances of this case and particularly the severity of the penalty, in my opinion, the court's allocation of a maximum of twenty minutes for closing argument was an abuse of discretion.

I would reverse and remand this case for a new trial.