23273

The STATE, Respondent v. Thomas HINSON, Appellant.

(399 S.E. (2d) 422)

Supreme Court

*Stuart A. Feldman,* Charleston and *South Carolina Office of Appellate Defense,* Columbia, *for appellant.*

*Attorney Gen. T. Travis Medlock,* and *Asst. Atty. Gen. Harold M. Coombs, Jr.,* Columbia, and *Sol. Robert J. Harte,* Aiken, *for respondent.*

Heard Oct. 18, 1989.

Decided Oct. 8, 1990.

GREGORY, Chief Justice:

Appellant was convicted in 1984 of trafficking in marijuana and sentenced to twenty-five years imprisonment. On appeal, his conviction was affirmed but the case was remanded for consideration of his motion for a new trial. *State v. Hinson,* 293 S.C. 406, 361 S.E. (2d) 120 (1987). This appeal follows the denial of that motion. We dismiss the appeal for lack of jurisdiction.

On April 25, 1988, the trial judge issued an order denying appellant's motion for a new trial. Appellant received a copy of this order on May 16, 1988. On May 25, 1988, appellant filed a motion "to alter or amend judgment." On July 8, 1988, the trial judge denied this motion for lack of jurisdiction. Appellant served and filed a notice of intent to appeal on July 16, 1988.

It is a long-standing rule of law that a trial judge is without jurisdiction to consider a criminal matter once the term of court during which judgment was entered expires. *State v. Mixon,* 275 S.C. 575, 274 S.E. (2d) 406 (1981); *State v. Patterson,* 272 S.C. 2, 249 S.E. (2d) 770 (1978); *State v. Best,* 257 S.C. 361, 186 S.E. (2d) 272 (1972); *accord* Rule 29, SCRCrimP (effective September 1, 1988). Since appellant did not move to reconsider the order denying the new trial motion until after expiration of the term of court during which it was entered, the trial judge properly concluded he had no jurisdiction.

Moreover, since appellant failed to serve a notice of intent to appeal within ten days of receipt of the order denying him a new trial, this Court is without jurisdiction to consider the merits of that order. *Miller v. State,* 269 S.C. 113, 236 S.E. (2d) 422 (1977); *State v. Lawrence,* 266 S.C. 423, 223 S.E. (2d) 856 (1976); *White v. State,* 263 S.C. 110, 208 S.E. (2d) 35 (1974).

Accordingly, this appeal is

Dismissed.

HARWELL, CHANDLER and TOAL, JJ. concur.

FINNEY, J. concurs in separate opinion.

FINNEY, Justice:

I regretfully concur with the decision which holds that, procedurally, this Court is without jurisdiction to grant relief. Having read the record from the remand hearing and considered the briefs and arguments of counsel, I am still of the opinion that, should we reach the merits, appellant would be entitled to a new trial. *See State v. Hinson,* 293 S.C. 406, 361 S.E. (2d) 120 (1987) (Finney, A.J., dissenting).