640 S.E.2d 884

**Creuncle D. SUBER, Respondent,**

v.

**STATE of South Carolina, Petitioner.**

**No. 26249.**

Supreme Court of South Carolina.

Submitted Dec. 7, 2006.

Decided Jan. 22, 2007.

Attorney General Henry D. McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General Julie M. Thames, all of Columbia, for Petitioner.

Robert M. Pachak, of South Carolina Offense of Appellate Defense, of Columbia, for Respondent.

Justice BURNETT:

We granted the State's petition for a writ of certiorari to review the grant of post-conviction relief (PCR) to Creuncle D. Suber (Respondent). We reverse.

## FACTUAL/PROCEDURAL BACKGROUND

On October 9, 2002, Respondent drove away from a convenience store in Newberry, South Carolina without paying for gasoline. The store clerk reported the incident, including a description of the car and of Respondent, to the county sheriff's department. Lieutenant Wesley Boland responded to the call. When he saw Respondent driving a car matching the store clerk's description, he activated his blue lights and siren, but Respondent did not stop. Respondent continued driving until he entered a dead-end dirt road. At the dead end, Respondent turned around in a driveway, and Lieutenant

Boland attempted to block Respondent from exiting the driveway. According to Lieutenant Boland, Respondent collided with the officer's vehicle, and this collision provided Respondent enough space to maneuver out of the driveway and continue his escape. Respondent subsequently wrecked his car and continued his flight on foot. Lieutenant Boland pursued Respondent, a struggle ensued, and Respondent was eventually apprehended.

Respondent pled guilty to failure to stop for a blue light and no contest to assault and battery with intent to kill (ABWIK) and to resisting arrest with a deadly weapon. He was sentenced to fourteen years' imprisonment for ABWIK, ten years for resisting arrest with a deadly weapon, and three years for failing to stop, to be served concurrently.

Respondent filed this application for PCR, alleging plea counsel was ineffective for failing to advise him that assault with intent to kill (AWIK) was a lesser-included offense of ABWIK. At the PCR hearing, Respondent testified Lieutenant Boland hit his car in an attempt to stop Respondent from fleeing, and he testified he never attempted to hit the officer with his car. Respondent also submitted into evidence pictures of his car after the incident, which Respondent alleged showed the officer hit his car. He further testified plea counsel advised him there were no lesser-included offenses to any of his charges, but if he had known a jury could consider AWIK, he would have insisted on proceeding to trial rather than pleading guilty.

Also at the PCR hearing, plea counsel testified although there were extensive plea negotiations, the negotiations failed and he proceeded to prepare for trial. Plea counsel testified he was prepared for trial, but on the day of trial, Respondent chose to plead guilty and no contest to the charges. He also testified he was likely surprised by Respondent's decision to plead guilty on the day of trial because he had told the plea judge he had stayed up late preparing for trial. Plea counsel conceded he did not discuss AWIK as a lesser-included offense of ABWIK with Respondent. Plea counsel denied he told Respondent there were no lesser-included offenses for any of the charges because plea counsel alleged they never discussed lesser-included offenses. He also testified if Respondent had

gone to trial and the evidence presented at trial required the jury to be instructed on a lesser-included offense, he would have requested such a charge.

The PCR judge found plea counsel was deficient for failing to advise Respondent of lesser-included offenses including AWIK. The PCR judge also found Respondent was prejudiced by this deficiency and granted Respondent a new trial.

## ISSUE

Did the PCR judge err in granting Respondent a new trial based on ineffective assistance of counsel?

## STANDARD OF REVIEW

In a PCR proceeding, the applicant bears the burden of establishing that he is entitled to relief. *Caprood v. State*, 338 S.C. 103, 109, 525 S.E.2d 514, 517 (2000). There is a two-prong test for evaluating claims of ineffective assistance of counsel. First, a PCR applicant must show that his counsel's performance was deficient such that it falls below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984); *Alexander v. State*, 303 S.C. 539, 541, 402 S.E.2d 484, 485 (1991). Second, an applicant must show there is a reasonable probability, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064, 80 L.Ed.2d at 693; *Alexander*, 303 S.C. at 541–42, 402 S.E.2d at 485. Where there has been a guilty plea, the applicant must prove prejudice by showing that, but for counsel's errors, there is a reasonable probability he would not have pleaded guilty and instead would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203, 210 (1985); *Jordan v. State*, 297 S.C. 52, 54, 374 S.E.2d 683, 684 (1988). In determining guilty plea issues, it is proper to consider the guilty plea transcript as well as evidence at the PCR hearing. *Harres v. Leeke*, 282 S.C. 131, 133, 318 S.E.2d 360, 361 (1984).

This Court will uphold the findings of the PCR judge when there is any evidence of probative value to support them. *Caprood*, 338 S.C. at 109–10, 525 S.E.2d at 517. This Court will reverse the PCR judge's decision when it is controlled by

an error of law. *Sheppard v. State,* 357 S.C. 646, 651, 594 S.E.2d 462, 465 (2004).

## *LAW/ANALYSIS*

The State argues the PCR judge erred in finding plea counsel's performance was deficient. The State contends plea counsel rendered reasonably effective assistance to Respondent despite the fact plea counsel did not advise Respondent that AWIK was a lesser-included offense of ABWIK because AWIK was not a viable lesser-included offense under these facts and circumstances. We agree.

ABWIK is an unlawful act of violent nature to the person of another with malice aforethought, either express or implied. ABWIK is commonly described as the following: if the victim had died from the injury, the defendant would have been guilty of murder. *State v. Sutton,* 340 S.C. 393, 396, 532 S.E.2d 283, 285 (2000). In comparison, the elements of AWIK are: (1) an unlawful attempt; (2) to commit a violent injury; (3) to the person of another; (4) with malicious intent; and (5) accompanied by the present ability to complete the act. *State v. Burton,* 356 S.C. 259, 264, 589 S.E.2d 6, 8 (2003).

The trial court is required to charge a jury on a lesser-included offense "if there is any evidence from which it could be inferred the lesser, rather than the greater, offense was committed." *State v. Gourdine,* 322 S.C. 396, 398, 472 S.E.2d 241, 242 (1996). However, the trial court should refuse to charge on a lesser-included offense where there is no evidence that the defendant committed the lesser rather than the greater offense. *State v. Smith,* 315 S.C. 547, 549, 446 S.E.2d 411, 413 (1994).

Respondent testified he did not attempt to nor did he hit Lieutenant Boland's vehicle. Further, Respondent testified he did not intend to harm or kill Lieutenant Boland, but he intended to flee from the officer. Given Respondent's testimony, he did not have the requisite intent to satisfy the offense of AWIK. Instead, Respondent's testimony indicates a jury may have found him not guilty of ABWIK. Furthermore, the evidence indicates there was a collision, and although there may have been a jury issue as to which person struck the other's vehicle, there was no dispute that a battery occurred. This evidence is insufficient to suggest Respondent

was only guilty of AWIK. *See generally State v. Funchess,* 267 S.C. 427, 429, 229 S.E.2d 331, 332 (1976) ("[I]t is not error to refuse to submit a lesser included offense unless there is testimony tending to show that the defendant is only guilty of the lesser offense."). Therefore, plea counsel was not deficient for failing to advise Respondent of AWIK because Respondent failed to present any evidence that would have entitled him to a charge for AWIK under these facts. *Compare Kerrigan v. State,* 304 S.C. 561, 563–64, 406 S.E.2d 160, 161–62 (1991) (finding there was evidence in the record that PCR applicant was only guilty of lesser-included offense and holding PCR counsel was ineffective in failing to advise applicant of lesser offense before pleading guilty); *see generally Sellers v. State,* 362 S.C. 182, 607 S.E.2d 82 (2005) (reversing grant of relief where PCR judge found ineffective assistance of counsel for failure to request jury charges on lesser-included offenses because there was no evidence in the record to support jury charges for lesser-included offenses); *Magazine v. State,* 361 S.C. 610, 606 S.E.2d 761 (2004) (reversing PCR judge's grant of relief where the record was devoid of any evidence warranting a jury charge on the lesser offense).

## *CONCLUSION*

No evidence of probative value supports the PCR judge's finding that plea counsel was deficient under these facts. Accordingly, we reverse the PCR judge's grant of a new trial.

**REVERSED.**

TOAL, C.J., MOORE, WALLER and PLEICONES, JJ., concur.