641 S.E.2d 434

**Gary WAITERS, Respondent,**

v.

**STATE of South Carolina, Petitioner.**

No. 26257.

Supreme Court of South Carolina.

Submitted Dec. 7, 2006.

Decided Feb. 5, 2007.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General Colleen E. Dixon, all of Columbia, for petitioner.

Chief Attorney Joseph L. Savitz, III, of South Carolina Commission on Indigent Defense, Division of Appellate Defense, of Columbia, for respondent.

Justice MOORE:

We granted a writ of certiorari to review the grant of post-conviction relief (PCR). We reverse.

## FACTS

Respondent was indicted for distributing crack cocaine after he sold drugs to an undercover agent on July 26, 2000. He pled guilty on March 21, 2001, and was sentenced to five years as a second offender pursuant to S.C.Code Ann. § 44–53–375(B)(2) (Supp.2005). The offense used to enhance his status to second offender occurred on July 28, 2000, two days after the offense here. On that date, respondent was searched pursuant to arrest on an unrelated charge and found to be in possession of crack cocaine. He pled guilty to possession of crack on September 26, 2000.

Respondent subsequently brought this PCR action claiming he would not have pled guilty had he known he would be sentenced as a second offender. He argued that because the date of the offense used to enhance his punishment occurred after the date of the offense in this case, he should not have been treated as a second offender. The PCR judge found counsel ineffective for failing to raise the issue at the plea hearing and vacated respondent's plea.

## ISSUE

Does the date of the crime determine second-offender status?

## DISCUSSION

■ Respondent was sentenced as a second offender under § 44–53–375(B)(2).[1] A "second offense" is defined in S.C.Code Ann. § 44–53–470 [2] as follows:

An offense is considered a second or subsequent offense, if, prior to his conviction of the offense, the offender has at any time been convicted under this article....

■ At the time of respondent's plea, he had a prior conviction under § 44–53–375(A), a provision in the same article as § 44–53–470; therefore, under the plain language of § 44–53–470, respondent was properly sentenced as a second offender. *See Patterson v. State,* 359 S.C. 115, 597 S.E.2d 150 (2004) (§ 44–53–470 determines second offender status for conviction under § 44–53–375(A)). Under § 44–53–470, the timing of the crimes is irrelevant to the determination of a subsequent offense so long as there is a prior conviction.[3]

---

1. This section provides in pertinent part:
   (B) A person who ... distributes ... crack cocaine ... upon conviction:
   (2) for a second offense ... the offender must be imprisoned for not more than twenty-five years and fined not less than fifty thousand dollars....

2. This section was subsequently modified in 2005.

3. Respondent has never claimed the two crimes were part of a continuous course of conduct. *Cf. State v. Gordon,* 356 S.C. 143, 588 S.E.2d

In conclusion, because respondent was properly treated as a second offender, the PCR judge erred in finding counsel ineffective. Accordingly, the grant of relief is

**REVERSED.**

TOAL, C.J., WALLER, BURNETT and PLEICONES, JJ., concur.

---

105 (2003) (applying § 17–25–50 to crimes so closely connected as to be treated as one offense).