693 S.E.2d 402

**Adrian D. ROBINSON, Petitioner,**

v.

**STATE of South Carolina, Respondent.**

**No. 26817.**

Supreme Court of South Carolina.

Submitted March 17, 2010.

Decided May 17, 2010.

Appellate Defender M. Celia Robinson, of South Carolina Commission on Indigent Defense, of Columbia, for Petitioner.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott and Assistant Attorney General Ashley A. McMahan, all of Columbia, for Respondent.

Justice BEATTY.

In this post-conviction relief (PCR) case, the Court granted Adrian D. Robinson's petition for a writ of certiorari to review the PCR judge's order denying Robinson's request for relief from his sentence for trafficking in crack cocaine, third offense. In his PCR application, Robinson contended: (1) he should not have been sentenced for a third offense given he was not validly convicted of a second drug offense; and (2) his trial counsel was ineffective in failing to object to his sentence. We affirm.

## FACTUAL/PROCEDURAL HISTORY

On June 7, 2000, Robinson pleaded guilty to four drug offenses. The offenses of possession with intent to distribute (PWID) crack cocaine and PWID crack cocaine within proximity of a park or school were considered first offenses. The indictments for these offenses alleged Robinson committed these acts on April 30, 1999. Robinson also pleaded guilty to possession of crack cocaine and possession of marijuana. The indictments for these offenses alleged Robinson committed these acts on February 17, 2000. The sentencing forms for the possession of marijuana charge and the possession of crack cocaine charge, which were signed by Robinson, indicate these offenses constituted second offenses. Robinson did not appeal his plea or sentences.

While on parole for the above-listed offenses, Robinson was indicted in March 2003 for trafficking in crack cocaine in an amount between ten and twenty-eight grams and PWID crack cocaine within proximity of a college or university. The indictments alleged Robinson committed these acts on December 30, 2002.

Following a trial, a jury convicted Robinson of both indicted offenses. During the sentencing hearing, the solicitor informed the trial judge of Robinson's prior record and indicated the current conviction constituted a third drug offense. The solicitor referenced Robinson's 2000 guilty plea and noted that Robinson had pleaded guilty to possession of crack cocaine as a second offense during that plea. Robinson's trial counsel did not object to the solicitor's recitation of Robinson's prior record or the solicitor's assertion that the trafficking charge constituted a third offense. Instead, trial counsel urged the judge to sentence Robinson to the minimum term for a third offense and to order the sentences to be served concurrently.

Ultimately, the trial judge sentenced Robinson to twenty-five years' imprisonment for trafficking in crack cocaine in an amount between ten and twenty-eight grams, third offense, and to a concurrent sentence of fifteen years' imprisonment for the PWID crack cocaine in proximity of a college.

Robinson appealed his convictions and sentences to the Court of Appeals pursuant to *Anders v. California*, 386 U.S.

738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). After an *Anders* review, the Court of Appeals dismissed Robinson's appeal and granted appellate counsel's petition to be relieved. *State v. Robinson,* Op. No. 2005–UP–176 (S.C.Ct.App. filed March 10, 2005).

Subsequently, Robinson filed a PCR application in which he alleged multiple grounds of ineffective assistance of trial counsel and challenged the trial court's lack of subject matter jurisdiction.

At the beginning of the PCR hearing, PCR counsel informed the judge that Robinson was pursuing his application solely on the ground that trial counsel was ineffective in allowing him to be sentenced for a third drug offense rather than a second drug offense.

Robinson believed he was entitled to be sentenced as a second offender, as opposed to a third offender, given he pleaded guilty to all four of the drug offenses on the same day. Because the two "sets of charges" were entered on the same date, Robinson claimed they could not constitute a first and second drug offense. As a result, Robinson maintained his sentence for trafficking was illegally entered as a third offense rather than a second offense.

After the hearing, the PCR judge issued a written order in which he denied Robinson's application and dismissed it with prejudice. Specifically, the PCR judge found that Robinson "could have been sentenced as a third offender regardless of the fact that the first and second convictions, used to enhance his sentence, were entered on the same date and were not part of a comprehensive plea bargain."

In reaching this conclusion, the judge noted that Robinson was sentenced under section 44–53–375(C) of the South Carolina Code,[1] which does not define what constitutes a prior narcotics conviction that would support enhancement. However, the judge found the version of section 44–53–470 of the Code, in effect at the time of Robinson's trial, stated "[a]n

---

1. This section requires a judge to sentence a third or subsequent offender to "a mandatory minimum term of imprisonment of not less than twenty-five years nor more than thirty years, no part of which may be suspended nor probation granted, and a fine of fifty thousand dollars." S.C.Code Ann. § 44–53–375(C)(1)(c) (2002).

offense is considered a second or subsequent offense, if, prior to his conviction of the offense, the offender has at any time been convicted under this article or under any State or Federal statute relating to narcotic drugs, marihuana, depressant, stimulant, or hallucinogenic drugs." , S.C.Code Ann. § 44–53–470 (2002). The judge found section 44–53–470 "plainly states that an offense will constitute a second offense if 'the offender has at any time been convicted under this article.' "

Applying section 44–53–470, the judge concluded Robinson "had a prior conviction or first offense, before the second conviction even though the two occurred at the same hearing." Additionally, the judge found Robinson had "notice and knowledge" of his charge for a second offense given: (1) he signed the sentencing sheets from the June 2000 plea that indicated he pleaded guilty to a second offense; and (2) the solicitor, during Robinson's trial, stated that Robinson was being tried for a third offense.

The judge rejected Robinson's argument that section 17–25–45(F) of the Code[2] supported his position. In so ruling, the judge found that this section had to be interpreted in conjunction with section 17–25–50 of the Code,[3] which "illustrates that the Legislature intended that offenses taking place in one instance or act [of] criminality be treated as one offense." In Robinson's case, the judge found there was no temporal relation between the offenses because the first offenses occurred on April 30, 1999, and the second offenses occurred on February 17, 2000. As a result, the judge concluded that these convictions should be viewed as two separate offenses

---

2. At the time of Robinson's trial, section 17–25–45(F) provided:

For the purpose of determining a prior conviction under this section only, a prior conviction shall mean the defendant has been convicted of a most serious or serious offense, as may be applicable, on a separate occasion, prior to the instant adjudication.
S.C.Code Ann. § 17–25–45(F) (2003).

3. Section 17–25–50 provides:

In determining the number of offenses for the purpose of imposition of sentence, the court shall treat as one offense any number of offenses which have been committed at times so closely connected in point of time that they may be considered as one offense, notwithstanding under the law they constitute separate and distinct offenses.
S.C.Code Ann. § 17–25–50 (2003).

574

and that Robinson failed to establish that counsel was deficient.

This Court granted Robinson's petition for a writ of certiorari to review the PCR judge's order.

## STANDARD OF REVIEW

■ The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel. U.S. Const. amend. VI; *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Lomax v. State,* 379 S.C. 93, 665 S.E.2d 164 (2008). "There is a strong presumption that counsel rendered adequate assistance and exercised reasonable professional judgment in making all significant decisions in the case." *Ard v. Catoe,* 372 S.C. 318, 331, 642 S.E.2d 590, 596 (2007).

■ The United States Supreme Court has established a two-pronged test to establish ineffective assistance of counsel by which a PCR applicant must show (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defendant. *Strickland,* 466 U.S. at 687, 104 S.Ct. 2052; *Cherry v. State,* 300 S.C. 115, 386 S.E.2d 624 (1989). Under the second prong, the PCR applicant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052. "A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial." *Simmons v. State,* 331 S.C. 333, 338, 503 S.E.2d 164, 166 (1998).

■ "This Court gives great deference to the post-conviction relief (PCR) court's findings of fact and conclusions of law." *Dempsey v. State,* 363 S.C. 365, 368, 610 S.E.2d 812, 814 (2005). In reviewing the PCR judge's decision, an appellate court is concerned only with whether any evidence of probative value exists to support that decision. *Smith v. State,* 369 S.C. 135, 138, 631 S.E.2d 260, 261 (2006). This Court will uphold the findings of the PCR judge when there is any evidence of probative value to support them, and will reverse the decision of the PCR judge when it is controlled by an

error of law. *Suber v. State,* 371 S.C. 554, 558–59, 640 S.E.2d 884, 886 (2007).

## DISCUSSION

Robinson contends the PCR judge erred in denying relief where the trial judge and the jury did not have authority to convict or sentence him for a third drug offense given he had not previously been validly convicted of any second drug offense.

In support of this contention, Robinson claims his convictions from the June 2000 guilty plea constituted four, first-offense drug convictions. Because he pleaded guilty to these charges during a single proceeding, Robinson argues each conviction was a first offense and could not have affected the other simultaneously-entered guilty pleas. Specifically, he avers the version of section 44–53–470 in effect at the time of his alleged conviction for a second offense required a valid conviction prior to establishing an offense as a second offense. Referencing legislative intent and this Court's line of cases involving recidivist sentencing,[4] Robinson maintains one offense cannot be enhanced by a prior conviction entered on the same day.

Additionally, Robinson asserts that there was no negotiated agreement with the State for him to plead guilty to any second offenses; thus, this Court's decision in *Rollison v. State,* 346 S.C. 506, 552 S.E.2d 290 (2001)[5] is inapposite. In distinguish-

---

4. *See Bryant v. State,* 384 S.C. 525, 534, 683 S.E.2d 280, 285 (2009) (interpreting sections 17–25–45 and 17–25–50, the recidivist statutes providing for a sentence of life without parole based on prior convictions, and discussing appellate court decisions construing these code sections).

5. In *Rollison,* the defendant pleaded guilty to both first and second offense drug charges on the same day in accordance with a negotiated agreement with the State. *Rollison,* 346 S.C. at 508, 552 S.E.2d at 291. As part of the agreement, the defendant agreed to plead to PWID crack cocaine, first offense, and possession of crack cocaine, second offense. In exchange for the defendant's plea, the State agreed to dismiss three other charges. *Id.* Subsequently, the defendant filed a PCR application in which he contended his plea counsel was ineffective for permitting him to accept the plea bargain and plead to a second offense PWID at the same time he was pleading guilty to his first drug offense. *Id.* at 510, 552 S.E.2d at 292. This Court reversed the PCR judge's finding

ing *Rollison,* Robinson claims he intended to plead guilty to first offense charges with a sentencing-cap of seven years' imprisonment for each of the four offenses. As a result, he contends his June 2000 pleas were not knowingly and voluntarily entered. Ultimately, Robinson claims his June 2000 pleas did not constitute a valid second offense and, thus, should not have served to enhance his subsequent 2003 drug conviction.

▪ The threshold question we must resolve is whether Robinson's June 2000 pleas were valid. Significantly, Robinson did not appeal his June 2000 pleas nor did he file a PCR application within the statute of limitations.[6] Consequently, we find Robinson is precluded from now attacking the validity of his pleas.

▪ However, even if we were to find Robinson's challenges regarding the validity of his pleas were not procedurally barred, we conclude they are without merit.

Contrary to Robinson's contention, a defendant can enter a valid plea to a first and second offense during the same proceeding. Thus, it was constitutionally permissible for Robinson to enter a plea of guilty to a first and second drug offense during the same proceeding. *See State v. Patterson,* 272 S.C. 2, 249 S.E.2d 770 (1978) (holding, in a case where defendant pleaded guilty during the same proceeding to a first and second drug offense that occurred on the same date, trial judge properly treated the charges as first and second offenses given at the time of the imposition of the sentence for the second offense the appellant stood convicted by way of a guilty plea of a first offense); *Rollison,* 346 S.C. at 515, 552 S.E.2d at 294 ("A defendant can enter a valid plea to a first

---

that plea counsel was ineffective because the plea record and the defendant's PCR testimony established that the defendant was fully aware he was pleading guilty to both first and second offenses. *Id.* at 511–12, 552 S.E.2d at 292–93.

6. *See* S.C.Code Ann. § 17-27-45(A) (2003) ("An application for relief filed pursuant to this chapter must be filed within one year after the entry of a judgment of conviction or within one year after the sending of the remittitur to the lower court from an appeal or the filing of the final decision upon an appeal, whichever is later.").

and second offense at the same plea hearing." (Toal, C.J., dissenting)).

Having found that Robinson's June 2000 pleas were valid, the question becomes whether the underlying convictions were sufficient to establish a second offense under section 44–53–470 and, in turn, enhance Robinson's sentence for trafficking in crack cocaine.

At the time Robinson pleaded guilty, this section provided that an offense would constitute a second or subsequent offense if the offender had "at any time been convicted under this article." As will be discussed, we find Robinson's June 2000 plea of guilty resulted in two separate offenses for sentencing purposes after June 2000. Thus, the current trafficking conviction constituted a third offense.

Initially, we note the offenses that were the subject of the June 2000 pleas were clearly separate and did not stem from a continuous course of conduct.[7] As evidenced by the record, the indictments for PWID crack cocaine and PWID crack cocaine within proximity of a park or school alleged Robinson committed these acts on April 30, 1999. The separate indictments[8] for possession of crack cocaine and possession of marijuana alleged Robinson committed these acts on February 17, 2000. Thus, the charges stemming from Robinson's conduct on April 30, 1999 and February 17, 2000 could have been separately tried. Therefore, the fact that Robinson pleaded guilty to each of these offenses in a single proceeding did not negate their distinctiveness.

However, because the conduct for which Robinson was indicted for the offenses of possession of crack cocaine and possession of marijuana occurred during the course of a single

---

7. See Bryant, 384 S.C. at 534, 683 S.E.2d at 285 (interpreting sections 17–25–45 and 17–25–50 involving prior convictions that subjected defendant to a mandatory life without parole sentence and finding that the language "so closely connected in point of time that they may be considered as one offense" to mean that "the offenses are inextricably connected and share an immediate temporal proximity").

8. We would also note the York County Grand Jury indicted Robinson on June 17, 1999, for the offenses that occurred on April 30, 1999. A year later, on June 22, 2000, the York County Grand Jury indicted Robinson for the offenses that occurred on February 17, 2000.

incident on February 17, 2000, we find these offenses should count as only one for the purpose of sentencing. Similarly, the offenses committed on April 30, 1999 count as one for sentencing purposes. Therefore, Robinson had acquired two separate offenses that should have been considered for sentencing purposes in a subsequent conviction. *See State v. Boyd,* 288 S.C. 206, 209, 341 S.E.2d 144, 146 (Ct.App.1986) ("We hold that where a defendant has been convicted on two or more counts for the violation of the Controlled Substance Act arising out of simultaneous acts committed in the course of a single incident, the convictions will be considered as only one for the purpose of sentencing under a subsequent conviction for a violation of the Controlled Substance Act.").

Thus, applying section 44–53–470, we hold Robinson's convictions for possession of crack cocaine and possession of marijuana constituted second offenses as Robinson had also been convicted of PWID crack cocaine. *See Waiters v. State,* 371 S.C. 591, 593, 641 S.E.2d 434, 435 (2007) ("Under § 44–53–470, the timing of the crimes is irrelevant to the determination of a subsequent offense so long as there is a prior conviction.").

Accordingly, the trial judge properly enhanced Robinson's trafficking sentence based on his two prior drug convictions. *See Butler v. State,* 277 Ga.App. 57, 625 S.E.2d 458, 463 (2005), *aff'd,* 281 Ga. 310, 637 S.E.2d 688 (2006) (concluding trial judge properly enhanced defendant's conviction for selling cocaine based on three prior convictions even though two of the convictions were entered on the same date given they were separately indicted, contained in separate sentencing orders, and concerned two separate sales of cocaine that took place on different days).

■ Finally, Robinson argues the PCR judge erred in finding trial counsel provided effective representation. In view of our determination that Robinson was properly sentenced for a third drug offense, we find there is evidence to support the PCR judge's decision that Robinson's trial counsel was not deficient in failing to challenge the instant conviction as a third offense.

## CONCLUSION

In conclusion, we find a decision to affirm the PCR judge's order is consistent with this Court's recent pronouncement concerning recidivist sentencing. *See Bryant,* 384 S.C. at 534, 683 S.E.2d at 285 (interpreting and applying recidivist statutes, sections 17–25–45(F) and 17–25–50, involving prior convictions resulting in a sentence of life without parole and reiterating that a prior conviction for sentencing purposes merely requires a conviction which occurred on a separate occasion prior to the current adjudication).

Here, Robinson violated the drug laws on two separate occasions prior to his 2003 conviction for trafficking in crack cocaine. The fact that these convictions were entered during a single proceeding did not operate to "fuse" the separate convictions into a single offense.

Based on the foregoing, the PCR judge's order is

**AFFIRMED.**

TOAL, C.J., KITTREDGE and HEARN, JJ., concur.

PLEICONES, J., concurring in a separate opinion.

Justice PLEICONES.

I agree that we should affirm the denial of petitioner's application for post-conviction relief (PCR) but write separately because I would decide the case solely on the basis that the statute of limitations bars consideration of petitioner's claim. I therefore concur in the result reached by the majority.

In June 2000, petitioner pled guilty to four drug offenses. Pursuant to a plea bargain, two of these four offenses were designated "first offenses" and two "second offenses." It is well-settled that an individual may, as part of a plea bargain, plead guilty to a crime of which he is not guilty. *Rollison v. State,* 346 S.C. 506, 552 S.E.2d 290 (2001). So long as the defendant understands the nature and elements of the charges, the consequences of his plea and the constitutional rights he is waiving by virtue of the plea, he is free to bargain for 'enhanced' convictions, that is, to have some convictions classified as second drug offenses. *Id.* In the same vein, he can bargain for multiple first offenses. *Id.*

Here, petitioner did not timely file a PCR challenge to this 2000 plea, and cannot now be heard to challenge the knowing and voluntary nature of that plea, nor the quality of assistance rendered by plea counsel as the statute of limitations applies to that conviction. *Peloquin v. State*, 321 S.C. 468, 469 S.E.2d 606 (1996) (one year to file application). I would decide the case on this ground, and dismiss the writ of certiorari as improvidently granted. I do not join any of the majority's discussion of the validity of that 2000 plea, the analysis of that plea's impact on petitioner's subsequent sentence, and specifically distance myself from the discussion of S.C.Code Ann. §§ 17–25–45 and –50, which I find irrelevant to the question whether petitioner was properly sentenced as a third offender following his trial and conviction.